Argued September 17, decided September 30, 1913.

## HUTCHEON *v.* WEST COAST LIFE INS. CO.

(135 Pac. 179.)·

### Stipulations—Construction—Effect.

1. Where, in an action for an insurance agent's commissions, it was stipulated that plaintiff during his employment by defendant wrote the policies pleaded in the complaint, that one quarterly payment had been made on each of the policies when plaintiff left defendant's employ, and that the commissions on the three quarterly payments of the first year's premiums were paid thereafter, and that plaintiff had received no commission on any of such premiums, and was entitled to recover $55.68, if he was entitled to recover anything, defendant could not thereafter claim that plaintiff's contract of employment was with defendant's former superintendent and not with defendant.

### Insurance—Subagency Contract—Construction—Commissions.

. 2. An insurance subagency contract, made between plaintiff and defendant's state superintendent, limited plaintiff's compensation for services to commissions on premiums on policies secured, collected and remitted; the commissions to be regarded as earned only when the premiums had been paid in cash to the superintendent. It further provided that, in case the superintendent was displaced, the insurance company, until another superintendent was substituted, should stand in the place of the superintendent in the contract, but without assuming any past liabilities. It also declared that the agent should have no claim for compensation for services under his contract after he had ceased to be an agent for the same, and that he should have no claim except in accordance with the prior clause, etc. *Held,* that, where the superintendent had been superseded, and made no claim for commissions on portions of first premiums paid on policies obtained by plaintiff after plaintiff had left defendant's service, commissions on such payments were due to plaintiff.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is an action by A. W. Hutcheon against the West Coast Life Ins. Co., commenced in the justice's court for Portland district to collect $55.68, commission on insurance policy premiums. Judgment was there rendered in favor of plaintiff, and defendant

appealed to the Circuit Court. The cause was tried before the Circuit Court, without the intervention of a jury, and findings were made in favor of plaintiff. From a judgment rendered thereon, defendant appeals.

The plaintiff alleged, in substance, that at the time mentioned the defendant was a corporation, organized under the laws of California, doing business in Oregon; that during certain months the plaintiff, by virtue of an agreement made with the defendant's agent, was employed by the company to solicit and write policies, and was to receive as compensation a commission on the premiums on policies of insurance secured; that while in the employ of defendant plaintiff solicited, secured, and wrote policies upon which the first year's premium had been collected by defendant, and upon which the agreed commission amounted to the sum of $74.24, $55.68 of which has not been paid.

The defendant answered, denying each and every allegation in plaintiff's complaint.    Affirmed.

For appellant there was a brief and an oral argument by *Mr. Jay H. Upton.*

For respondent there was a brief and an oral argument by *Mr. Virgil A. Crum.*

Mr. Justice Bean delivered the opinion of the court.

The rule is too well settled to require citation of authorities that, where a cause is tried by the court, without a jury, upon appeal, this court will only examine the record to ascertain if there is any competent evidence to support the findings of fact which have the same force and effect as a verdict. Plaintiff mentioned in an amended complaint, and introduced in evidence, the contract of employment made with N. E.

Crow, defendant's superintendent for the state of Oregon.

1. It is contended by defendant upon this appeal that the defendant is not liable to the plaintiff; that the latter was employed by N. E. Crow, the superintendent, and not by the defendant. Much of the discussion in the briefs is devoted to this very intricate question. Upon turning to the bill of exceptions, however, we find that the parties by their counsel have relieved the court from passing upon this question, by stipulating as follows:

"That the said A. W. Hutcheon, during his employment by the defendant, secured and wrote the policies of insurance set out in plaintiff's complaint [naming them, with the amounts of quarterly premiums]; that one quarterly payment had been paid on each of these policies at the time the plaintiff left the employ of the defendant, and the defendant had received his commission on that amount, and that the remaining three quarterly premiums of the first year's premiums on said policies were paid after the plaintiff left the employ of the defendant, and the plaintiff received no commission on any of these premiums; also that the sum of $55.68 was due plaintiff as commission on said policies from the defendant, if any."

This clearly shows that the plaintiff was employed by defendant, and that the company had been substituted as a party to the contract for N. E. Crow, superintendent, who had ceased to be such superintendent, in accordance with clause "c" of the contract referred to below.

2. The contract of employment, so far as deemed material to the issue, provides as follows:

"The only compensation to be allowed the agent for all services herein provided or pertaining to said agency shall be commissions on premiums on policies

of insurance secured, collected, and remitted to the company by the agent, as follows:

| Life Policies. | Rate Com. | Participating Endowment Policies. | Rate Com. |
|---|---|---|---|
| Whole Life | 55% | 20 year | 45% |

\* \* \* \* \*

"Commissions shall not arise except on premiums collected by the agent while in the employ of the superintendent, nor shall they be earned until the premiums are paid in cash to the superintendent. But it is hereby expressly understood and agreed:

"First. That, when ordinary policies issued under this contract are changed, and an allowance is made on an old policy and applied to the payment of new insurance, as to such insurance no commissions shall be allowed, except upon the increases, if any, in premiums."

Then follow clauses not deemed material in this case.

Clause "c" of the fifth paragraph of the contract provides that: "If at any time the party of the first part, or anyone substituted for him, ceases to be such superintendent, the said the West Coast Life Insurance Company shall then and there, without notice, and so long as the company does not substitute anyone for said superintendent, stand substituted for, and be the party of the first part herein but without assuming any past liabilities. The company may at any time and from time to time substitute any person for said superintendent, or for itself as substituted for said superintendent, and thereupon and thereafter the person so substituted by the company shall while holding such position, be the party of the first part to this contract and the company free from all responsibilities and liabilities. \* \* "

Clause 7 reads: "The agent shall have no claim for compensation for services or obligations under this

contract after he has ceased to be an agent under the same.''

And the eighth paragraph provides: ''The said agent shall not have under this contract or for any matter pertaining to said agency any claim whatever against the West Coast Life Insurance Company except as provided in clause 'c' of the fifth subdivision of this contract.''

It would seem that the contract was not intended to be understood by anyone outside of insurance circles.

It is contended by defendant that, under the last clause of the contract quoted, N. E. Crow, the superintendent, and not the subagent, is entitled to the commissions on all premiums uncollected at the time the subagent ceases to be an agent of the company. N. E. Crow, the former superintendent of the company, was a witness for plaintiff, and made no claim to such commission. He and J. W. Stewart, the present superintendent, each appeared and testified in regard to the construction put upon the clause in question in the transaction of the company's business.

Mr. Thomas Lake Miller, vice-president of the defendant company, gave his deposition, and stated: ''Our instruction to Superintendent Crow, as to all other superintendents at that time, was that commissions on ordinary policies, written by agents who had left his employ before the premiums thereon had been paid, should be remitted to the company and retained by it until the final audit of the agent's account showed whether he was indebted to the company or not; if so indebted, the commission was retained and was applied on account of such indebtedness; otherwise was credited to the superintendent's personal account.''

The contract also provided that any indebtedness from the subagent to the company or to the superintendent might be extinguished by the application of

the commission due the agent.   This indicates that the subagent is entitled to the benefit of such commission. No such indebtedness is alleged or suggested in this case.   The form of contract of employment was one furnished by the company.   The correspondence between the company and Superintendent Crow tended to show that the parties themselves had placed a construction upon this clause of the contract.   It appears that the defendant company in several instances authorized the superintendent to pay the ex-agents commissions on premiums collected after they had ceased to write policies.   Taking the contract as a whole, it would hardly seem that the company intended that the superintendent should have the power to summarily revoke a subagent's appointment after he had written a large amount of insurance, and thereby reap the benefit of commissions earned on premiums uncollected.   This would tend to enhance the business of the company.   It appears that the main object of this clause was to protect the company from paying commissions on premiums which were not paid to the company.   The payment of the premiums to the company was a substantial compliance with that part of the contract requiring the premiums to be paid in cash to the superintendent.   The plaintiff in substance says to the company, "I earned $55.68 in commissions, which have been paid to you."   By the stipulation and other evidence the company does not deny this.   It appears from the record that neither the company nor N. E. Crow claims this money; therefore no one is prejudiced by any alleged error committed upon the trial.

There was competent evidence to sustain the findings of fact.   Whatever reasons may be suggested by the record for the judgment of the justice's court or that of the Circuit Court, after consideration of all the

matters submitted, we are of the opinion that the judgment of the court appealed from was such as should have been rendered in the case; therefore the judgment is affirmed, under the provisions of Article VII, Section 3, of the Constitution of Oregon: See Laws 1911, p. 7.

AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.